## STATE v. WILLIAM PROPST.

### *Liquor Selling.*

Retailers of liquors in the town of Hickory are required to comply with the general law, and obtain license from the county as well as from the town authorities. (Charter of town construed).

INDICTMENT for retailing tried at Fall Term, 1882, of CA-TAWBA Superior Court, before *Avery, J.*

The defendant was charged with retailing spirituous liquors without license.

It was admitted that he sold whiskey in quantities less than a quart, in the town of Hickory, county of Catawba, at divers times between October, 1881, and the last of April, 1882. He had license from the town authorities, dated October 15th, 1881, authorizing him to retail spirituous, malt and vinous liquors for the year ending April 30th, 1882. He also had a license from the county authorities, dated the 14th of July, 1881, authorizing him to sell malt and vinous liquors for the year ending July 14th, 1882. The court instructed the jury that according to the admissions of the defendant, he was guilty of the offence charged, and after verdict and judgment, he appealed.

*Attorney General,* for the State.
No counsel for the defendant.

RUFFIN, J. The defendant was without counsel in this court, and we are not fully sure that we correctly apprehend the point intended to be made for him, but suppose it to be that under the charter of the town of Hickory, as amended by the act of 1879, ch. 52, the commissioners of the town had exclusive control over the sales of spirituous liquors within its corporate limits, and that their license was needed

to justify his sales thereof. If this be the point, and we can conceive of no other that could arise upon the statement of the case, then we concur in the opinion of the judge below, and hold the defendant to be guilty.

The act referred to (section 13) provides that "the board of town commissioners shall have full control of the sale of spirituous liquors within the limits of said town, whether or not liquor shall be sold therein, in what quantities, and if by retail the amount of license tax, and the conditions to be specified in a penal bond in the sum of not less than five hundred dollars, payable to the town of Hickory, which may be put in suit to the use of any person injured by such sale, either in person or property, directly or indirectly; and the commissioners shall moreover have power to revoke such license and close up any bar room at their option, sufficient cause being shown, without refunding any part of the license tax, *and no license from the board of commissioners or sheriff of Catawba county shall be lawful in said corporation, without the license of the town corporation aforesaid."*

Now we know that there is a general law under which all persons who sell, by retail, spirituous liquors anywhere within the state, are required to have license from the county authorities, and to pay a tax to both county and state therefor, and we ought not to conclude, unless driven to it by words that admit of no other construction, that the legislature intended to make a single exception of the town of Hickory, and to permit the business of retailing to be conducted there freed of such state and county exactions as are elsewhere and universally enforced within the state.

The language of the section recited seems hardly to admit of, and much less to require, such an interpretation, and should therefore receive one more in consonance with the general law and universal usage.

It is true according to the fair meaning of the statute, the commissioners for the town are clothed with full authority

36

to say whether spirituous liquors shall be sold within the corporate limits at all or not; and if so, in what quantities and for what length of time, and to determine the tax to be paid to the town for the privilege, and to fix the terms and conditions of a bond to be given for the idemnity of the citizens; and without the assent of such commissioners, neither the county commissioners nor sheriff can by their license confer the right to sell within the town upon any terms or conditions whatsoever.

But still, whenever the town authorities do act, and grant their license to retail, then the state law intervenes and exacts from their licensee the same taxes that are elsewhere demanded and paid. The last clause of the section itself imports this much; that a license from either county commissioners or the sheriff in addition to one from the town commissioners, is needed to authorize retailing to be carried on within the town.

This appears to be almost the only limit to the very ample powers conferred upon the town authorities, for the protection of its citizens. While they may altogether forbid the sale of spirituous liquor within the town, or regulate it at their discretion, they cannot legalize it, without its making to the public treasury the same contributions that are elsewhere required of it.

There is no error. Let this be certified, &c.

No error.                                    Affirmed.